## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTWAN RICHEY,

               Petitioner,                      No. 05-CV-74073-DT

vs.                                        Hon. Gerald E. Rosen

JAN TROMBLEY,

               Respondent
_____/

### OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         March 23, 2009        

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

On February 18, 2009, this Court entered an Opinion and Order denying Antwan

Richey's petition for a writ of habeas corpus and dismissed this action in its entirety, with

prejudice.  Petitioner has now filed a motion for reconsideration, pursuant to

Fed.R.Civ.P. 59(e) and Eastern District of Michigan Local Rule 7.1(g).[1]  For the reasons

stated below, Petitioner's motion for reconsideration shall be **DENIED**

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a

_____

[1]  Petitioner also states that he brings this motion for reconsideration pursuant to
Fed. R. Civ. P. 52(b) and Fed. R. App. P. 40.  However, these rules are inapplicable in
this case.

judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6ᵗʰ Cir. 1990). A federal district court judge, however, has discretion to grant a motion to alter or amend judgment only in very narrow circumstances:

> 1. to accomodate an intervening change in controlling law;
> 2. to account for new evidence which was not available at trial; or
> 3. to correct a clear error of law or to prevent manifest injustice.

*Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

In addition, Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes,* 86 F. Supp. 2d at 726 (internal quotation omitted).

A motion to alter or amend judgment brought by a *pro se* prisoner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly *or by reasonable implication*, will

not be granted. *Id.* (emphasis added); *See also Flanagan v. Shamo,* 111 F. Supp. 2d 892,

894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by

which the Court and the parties have been misled but also show that a different

disposition of the case must result from a correction thereof. A palpable defect is a defect

that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp.

426, 427 (E.D. Mich. 1997).

      In his motion to amend judgment, Petitioner is merely presenting arguments that

were already raised in his Petition and considered by the Court in ruling on this matter.[2]

Plaintiff is merely attempting to re-hash arguments that he previously raised in litigating

this matter. The Court will therefore deny the motion for reconsideration, because

plaintiff is merely presenting issues which were already ruled upon by this Court, either

expressly or by reasonable implication, when the Court denied the Petition for a Writ of

Habeas Corpus. *Hence v. Smith,* 49 F. Supp. 2d at 553.

      Based upon the foregoing, the motion to alter/amend [Dkt. # 26] is DENIED.

                        s/Gerald E. Rosen
                        Chief Judge, United States District Court

Dated: March 23, 2009

---

    [2] Petitioner argues that he did not raise a confrontation clause violation as the basis for his claim of denial of a fair trial and due process. The Court acknowledged in its Opinion and Order that Petitioner did not "specifically allege" that the reading of the witness's out-of-court statements to the jury violated his Confrontation Clause rights but found that under applicable law, Plaintiff's claim should be construed as such (see pp. 11-12).

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager