UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTTWAN RICHEY,

      Petitioner,

v.                                                                                    Case Number: 05-CV-74073
                                                                                       Honorable Gerald E. Rosen
JAN TROMBLEY,

      Respondent.
_____/

### ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

I.

Petitioner has filed a "Motion for Certificate of Appealability" [dkt. # 30] and "Motion to Proceed *In Forma Pauperis* On Appeal" [dkt. # 29], concerning the Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254 on February 18, 2009. (Dkt. # 24.)

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. *See* 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.*, at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

In this case, Petitioner's habeas claims were as follows: (1) error by the trial court when it allowed the prosecutor to question a witness, Jimavis Hatchett, about a statement that she gave to the police prior to trial, and when it allowed the prosecutor to read excerpts of that statement into the record as substantive evidence; and (2) ineffective assistance of both trial and appellate counsel.

II.

A.

Regarding Claim I, although Petitioner argued that the admission of certain excerpts of Ms. Hatchett's statement to the police should not have been admitted into evidence, he did not specifically allege that it was a violation his Confrontation Clause rights. Rather, he stated that he was denied a fair trial and due process under the United States Constitution Amendments, Sixth and Fourteenth, when the trial court allowed Ms. Hatchett's statements to be read into the record under "past recollections recorded." Respondent argued that the claim was procedurally default. The Court found that it would have been more complex to resolve the procedural default than address the substantive claim, and, therefore, in the interests of judicial economy, the Court addressed the merits of this claim.

Notwithstanding Petitioner's characterization of Claim I, the Court found that under applicable law, Petitioner's constitutional challenge of the reading of excerpts of the witness' out-of-court statements to the jury should be treated as a claim alleging a violation of Petitioner's rights under the Confrontation Clause, and analyzed the issue as such. As discussed more fully in this Court's Opinion and Order, Petitioner is not entitled to habeas relief on this claim. The Court stated in pertinent part:

> The weight of authority suggests that there was no Confrontation Clause violation on these facts. Ms. Hatchett did not claim a total loss of memory regarding the events. Rather, she cooperated with defense counsel's questioning and succeeded in answering a great number of questions. Petitioner's counsel tested Ms. Hatchett's credibility, and the prosecutor only read into evidence the portion of the statement regarding which he had already examined her. And, as to the most damaging portions of the statement, in which Ms. Hatchett said that Petitioner said he had "got" the victim and killed the victim, Ms. Hatchett admitted making the specific statements and that the

3

> specific statements were true when made. Therefore, this Court doubts that Petitioner's opportunity to cross-examine Ms. Hatchett fell below constitutional standards.
>
> \* \* \*
>
> In the present case, Ms. Hatchett's statement that was admitted concerning Petitioner's involvement in the homicide was material, critical, and relevant to the prosecution's case. This Court agrees with the decision of the Michigan Court of Appeals and finds that Petitioner has not shown that the admission of Ms. Hatchett's statement was improper or deprived him of a fair trial.
>
> Because the state court adjudications were neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, or an unreasonable determination of the facts, Petitioner is denied habeas relief on this claim.

*Richey v. Trombley*, No. 05-74073, 2009 WL 416473, slip op. at 9-10 (E.D. Mich. Feb. 18, 2009).

Against that backdrop, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right as to this habeas claim. Consequently, the Court's decision is not debatable amongst reasonable jurists.

B.

Next, regarding claim II, Petitioner alleged that trial counsel was ineffective for (1) failing to challenge the admissibility of Ms. Hatchett's testimony, which should have been suppressed because it was the fruit of an unlawful arrest, (2) failing to challenge the legality of Petitioner's arrest, and (3) failing to challenge the undue delay in Petitioner's arraignment. The Court found those claims to be procedurally defaulted. *Richey*, No. 05-74073, 2009 WL 416473, slip op. at 11. However, in claim III, Petitioner attempted to excuse his procedural

4

default by stating that his appellate counsel was ineffective for failing to raise those claims in his direct appeal. Regarding Petitioner's ineffective assistance of appellate counsel claim, the Court stated:

> In this case, the record reveals that various issues were raised in Petitioner's direct appeal, but that Petitioner's convictions were affirmed. Petitioner fails to demonstrate that the issues that were allegedly ignored by his appellate counsel in his direct appeal were clearly stronger than those that were presented, and he has failed to overcome the strong presumption that his counsel was competent.

*Richey*, No. 05-74073, 2009 WL 416473, slip op. at 13 (citations omitted). On that basis, the Court found that because Petitioner failed to establish cause for his procedural default, there was no need to determine whether he could meet the prejudice prong of the "cause and prejudice" test. *Smith v. Murray*, 477 U.S. 527 (1986).

Consequently, the Court finds that its decision regarding the ineffective assistance of counsel claims is not debatable amongst reasonable jurists.

### III.

For the reasons stated, the Court **DECLINES** to issue Petitioner a certificate of appealability. The Court also **DENIES** Petitioner's motion for leave to proceed on appeal *in forma pauperis*. *See* Fed. R.App. P. 24(a).

**IT IS SO ORDERED**.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: April 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2009, by electronic and/or ordinary mail.

                                        s/Ruth Brissaud
                                        Case Manager