# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTTWAN RICHEY,

    Petitioner,

v.                                             Case Number: 05-cv-74073
                                                            Honorable Gerald E. Rosen

JAN TROMBLEY,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b)

On February 18, 2009, this Court denied Petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, finding his claims to be either without merit or procedurally defaulted. *Richey v. Trombley*, No. 05-cv-74073, 2009 WL 416473 (E.D. Mich. Feb. 18, 2009). On March 23, 2009, the Court denied Petitioner's motion for reconsideration, and, on April 28, 2009, the Court denied his motion for certificate of appealability and application to proceed on appeal *in forma pauperis*. The United States Court of Appeals for the Sixth Circuit subsequently denied Petitioner a certificate of appealability and dismissed the appeal. *Richey v. Trombley*, No. 09-1571 (6th Cir. Oct. 1, 2009). Pending before the Court is Petitioner's Rule 60 (b) motion for relief from judgment. For the reasons stated below, the Court will deny the motion.

I.

A Rule 60(b) motion does not serve as a substitute for an appeal or bring up for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 996 F.2d 1216 (6th Cir. 1993) (citing *Browder v. Director, Dep't of Corrs.*, 434 U.S. 257, 263 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Rather,

Rule 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997) (quoting *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989)). Rule 60(b) states in part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or,
>
> (6) any other reason justifying relief.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Miles v. Straub*, 90 Fed.App'x 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

Additionally, Rule 60(c) says that the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. Here, the Court finds Petitioner's motion timely, although barely. The Court denied Petitioner's habeas petition on February 18, 2009; Petitioner's motion for relief from judgment was signed on February 17, 2010.

In this case, the Court denies the motion because Petitioner has failed to offer any arguments which this Court has not already previously considered and rejected in its prior orders. *See Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001). Rather, the Court finds that, in his motion, Petitioner simply reiterates the same arguments that he raised in previous motions and which were rejected both by this Court and the Sixth Circuit.[1] Against that backdrop, the Court denies the motion.

The Court also declines to issue Petitioner a certificate of appealability. A habeas petitioner is required to obtain a certificate of appealability in order to appeal the denial of a motion for relief

---

[1] By continuing to challenge his criminal conviction with these repetitive and frivolous motions, Petitioner appears to think that "[T]he ball game never ends in our Court," as the late Chief Justice William H. Rehnquist once lamented about the Supreme Court's docket, albeit in a slightly different context. *See Turnpaugh v. Maciejewski*, No. 2009 WL 416355, at * 4, n. 1 (E.D. Mich. Feb. 18, 2009) (Rosen, J.) (citing David G. Savage, Turning Right: The Making of the Rehnquist Supreme Court," p. 16 (1992)). Not only do these endless challenges from prisoners like Petitioner "unduly burden the federal courts, they cause undue delays in granting relief to those prisoners whose constitutional rights have been violated. They also cause the federal courts to take an extremely jaundiced view towards habeas petitions, post-conviction motions, and prisoner civil rights complaints in general, which again, can prejudice the occasional meritorious prisoner complaint." *Id.* Further, what Justice Robert H. Jackson stated in 1953 about habeas cases remains all the more true today: "[I]t must prejudice the occasional meritorious application to be buried in a flood of worthless ones. He who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search." *Brown v. Allen*, 344 U.S. 443, 537 (1953) (Jackson, J., concurring).

from judgment brought pursuant to Fed.R.Civ.P. 60(b). *See United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

The Second Circuit Court of Appeals has articulated the standard for issuing a certificate of appealability in the context of the denial of a Rule 60(b) motion as follows:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001).

Against that backdrop, the Court concludes that Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment; he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. Because the Court can discern no good faith basis for an appeal, any appeal would be frivolous. The Court therefore declines to issue Petitioner a certificate of appealability. *See Long v. Stovall*, 450 F.Supp.2d 746, 755 (E.D. Mich. 2006). The Court also declines Petitioner leave to proceed on appeal *in forma pauperis*, because the appeal would be frivolous. *Hence v. Smith*, 49 F.Supp.2d 547, 549 (E.D. Mich. Apr. 22, 1999).

II.

Accordingly, **IT IS ORDERED** that Petitioner's motion for relief from judgment, pursuant to Fed.R.Civ.P. 60 (b), [dkt. # 34] is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

                            s/Gerald E. Rosen
                            Chief Judge, United States District Court

Dated: March 5, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 5, 2010, by electronic mail and to Anttwan Richey, #289211, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by ordinary mail.

                            s/Ruth Brissaud
                            Case Manager